### No. 996
### HILL v. BURNS
No. 19389. Supreme Court

On motion to certify. Dock. Oct. 20, 1925; 3 Abs. 674.

297. CONTRACTS—Does fact that no mutuality exists in labor contract entitle recovery on a "reasonable value of services" basis?

In the case of Aaron Hill vs. Jacob Burns, it appears that the plaintiff brought this suit before a Justice of the Peace of Vinton county over one year ago. The case was decided adversely to the plaintiff in the J. P. Court and was successively taken to the Vinton Common Pleas and Court of Appeals with like

results. The petition set forth a claim for 30 days work and labor at $6.90 a day; with a general denial by Burns.

The proof in the court below showed that Hill worked for Burns for 30 days, and that the reasonable value of these services was $6.90 a day, Hill claimed that the agreement between him and Burns, was that he was to get $6.90 a day and that he work 30 days under this agreement. Burns says that the work in question was done at a certain coal mine in Vinton, County, which had been leased by Burns from a party by the name of Scott, and that according to the arrangements between Burns and Scott, Scott would have a right to terminate his lease at any time he pleased, even before any coal was mined. Burns admits that the reasonable value of Hill's services was $6.90 a day but insists on the contract between him and Hill, which was that Hill was to work on the gambling proposition as to whether Scott would let the mine operations continue a sufficient length of time to produce profits. The evidence further showed that the major portion of Hill's time was consumed in cleaning up the mine and getting ready to mine coal, and that only one car of coal was mined, and that no profits were made.

Hill's contention is that according to Burn's testimony the contract between them was null and void from the fact that the same was lacking in mutuality. The mine operations were not obliged to continue for any period, and the contract being null and void, according to Burn's testimony, Hill was entitled to the reasonable value of his services, which was $207.00.

Attorneys—John E. Blake, McArthur, for Hill.